# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| ANDRE L. MARSHALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Case No. 05-CV-033-TCK-PJC** |
| | ) | |
| JUSTIN JONES,[1] Director, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate, appearing *pro se*. By prior Order (Dkt. # 20), the Court denied Respondent's motion to dismiss for failure to exhaust, finding that although Petitioner had failed to present his seventh claim, as identified in the "amended and/or supplemental brief" (Dkt. # 8), to the Oklahoma Court of Criminal Appeals, it would be futile to require him to return to state court. Respondent filed a response (Dkt. # 24) addressing the exhausted claims as raised in the petition. Petitioner filed both a response (Dkt. # 30) to show cause why an anticipatory procedural bar should not apply to his seventh claim and a reply (Dkt. # 31) to Respondent's response. For the reasons discussed below, the Court finds the claims raised in the petition for writ of habeas corpus should be denied. The ineffective assistance of appellate counsel claims identified in the "amended and/or supplemental brief" are procedurally barred.

---

[1]In his petition, Petitioner identifies Ron Ward as the Respondent. However, the proper respondent in this case is Justin Jones who has replaced Ron Ward as the Director of the Oklahoma Department of Corrections. Therefore, the Clerk of Court shall be directed to substitute Justin Jones, Director, as party Respondent in place of Ron Ward.

## BACKGROUND

On July 8, 2001, at approximately 8:45 p.m., Tulsa Police Officer Pierce stopped a Suburban vehicle in the area of 54th Street North and Frankfort Avenue, in Tulsa, Oklahoma. Officers Hart and Bella arrived as back-ups.  Initially, the vehicle was stopped because the driver, Vagus Penny, was not wearing a seatbelt. However, after finding narcotics in the possession of Penny and his passenger, Tyson Banks, the officers handcuffed Penny and Banks and began searching the vehicle. A crowd of onlookers gathered at the scene. While searching the vehicle, at approximately 9:00 p.m., the police officers heard gunshots. The police officers exchanged gunfire with the shooter who was seen running in and along a creek in the area.  The police ultimately arrested Petitioner, Andre Lasuan Marshall, at a nearby home where he had sought shelter.  He had received two (2) gunshot wounds.  None of the police officers was wounded by the gunfire.

As a result of those events, Petitioner was tried and convicted by a jury in Tulsa County District Court, Case No. CF-01-4055, of Assault With a Dangerous Weapon (Count I), two (2) counts of Shooting With Intent to Kill (Counts II and III), Possession of a Firearm After Former Felony Conviction (renumbered as Count V), and Entering a Building With Unlawful Intent (renumbered as Count IV), all after Former Conviction of Two or More Felonies.  He was sentenced to twenty (20) years imprisonment on Count I, thirty (30) years on each of Counts II and III, and four (4) years on Count V, all to be served concurrently.  He was fined $500 on Count IV.   At trial, Petitioner was represented by Richard L. Clark and Brian J. Rayl, attorneys in the Tulsa County Public Defender's Office.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner, represented by Stuart W. Southerland, an attorney in the Tulsa County Public Defender's Officer, raised the following eight (8) propositions of error:

I:      There was insufficient evidence to establish that Andre Marshall shot anyone with the intent to kill.

II:      It was error to instruct on the lesser offense of Assault With a Dangerous Weapon over Appellant's objection.

III:      Since Appellant was convicted of Shooting With Intent to Kill After Former Conviction of Two Felonies, his conviction for Possession of a Firearm After Former Felony Conviction violates 21 O.S. 2001 § 11 and the Double Jeopardy provisions of the United States and the Oklahoma Constitutions.

IV:      The testimony of Tulsa Police Officer Bella about members of the crowd of onlookers wearing "gang colors" constituted an evidentiary harpoon which deprived Appellant of a fair trial pursuant to the United States and Oklahoma Constitutions.

V:      There was insufficient evidence to support Appellant's conviction for Count V (renumbered as Count IV), Entering With Unlawful Intent.

VI:      It was error not to instruct the jury as to 21 O.S. 2001 § 13.1.

VII:      Various instances of prosecutorial misconduct in the State's closing argument constituted reversible error.

VIII:      Aggregate error at Appellant's trial warrants reversal of his convictions, or modification of his sentence.

(Dkt. # 24, Ex. A).  On August 21, 2003, in Case No. F-2002-537, the OCCA found merit to Petitioner's second and fifth claims and rejected the remaining claims.  For that reason, the state appellate court affirmed Petitioner's convictions and the sentence of imprisonment as to Counts II, III, and V, but reversed with instructions to dismiss Counts I (Assault with a Dangerous Weapon) and IV (Entering a Building with Unlawful Intent).  Dkt. # 24, Ex. C.

On August 24, 2004, Petitioner filed an application for post-conviction relief in the state district court alleging ineffective assistance of appellate counsel for failing to raise claims of ineffective assistance of trial counsel and prosecutorial misconduct. See Dkt. # 24, Ex. D.  By order filed September 23, 2004, the state district court denied the requested relief.  Dkt. # 24, Ex. E. Petitioner filed a post-conviction appeal in the OCCA, assigned Case No. PC-2004-1074, asserting one claim:  "the trial court errored [sic] and/or abused it's [sic] discretion in denying the appellant's effective assistance of counsel claim, and in not granting an evidentiary hearing." See Dkt. # 24, Ex. F. On December 6, 2004, the OCCA affirmed the order of the district court denying post-conviction relief.  Dkt. # 24, Ex. G.  The OCCA found as follows:

> Petitioner has failed to establish entitlement to post-conviction relief.  All issues that could have and should have been previously raised are waived and may not be the basis of a post-conviction application.  22 O.S. 2001, § 1086; *Fowler v. State*, 1995 OK CR 29, ¶ 2, 896 P.l2d 566, 569.  Petitioner is attempting to avoid this procedural bar by claiming his appellate counsel and trial counsel were ineffective. To support of [sic] a claim of ineffective counsel, Petitioner must establish his counsel's performance was deficient under prevailing professional norms, and that but for the deficient performance the outcome of his trial and appeal would have been different, or that Petitioner is factually innocent. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674, 693, 698. Petitioner has not established that the simple failure to advance claims on appeal causes appellate counsel's performance to be deficient under prevailing professional norms.  *Id.*  Petitioner has not established that the outcome of this trial or appeal would have or should have been different.  *Id.*  Finally, Petitioner has definitely not established he is factually innocent.  *Id.*  Therefore, the order of the District Court of Tulsa County denying Petitioner's application for post-conviction relief in Case No. CF-2001-4055 should be, and is hereby, **AFFIRMED**.

(Dkt. # 19, Ex. 2).

On January 18, 2005, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1), and supporting brief (Dkt. # 4).  In his supporting brief, Petitioner identifies the following claims:

Proposition I:          The OCCA's opinion was "contrary to" clearly established federal law or involved an unreasonable application of federal law in light of

the evidence presented in the state court proceedings concerning the Petitioner's "insufficiency of the evidence" claim, that Andre Marshall shot anyone with the "intent" to kill.

Proposition II:    Since the petitioner was convicted of shooting with the intent to kill after former conviction of two felonies, his conviction for possession of a firearm after former felony conviction violates 21 O.S. 2001 § 11 and the Double Jeopardy provisions of the United States and the Oklahoma Constitutions.  Therefore, the OCCA's decision as to this proposition, was "contrary to" clearly established federal law, or involved an unreasonable application of federal law in light of the facts and/or evidence that was presented in the state court proceedings.

Proposition III:    The testimony of Tulsa Police Officer Bella about members of the crowd of onlookers wearing "gang colors" constituted an evidentiary harpoon which deprived the petitioner his right to a fair trial pursuant to the Oklahoma and Untied States Constitutions.  Whereas, the decision by the OCCA regarding this claim was "contrary to" clearly established federal law, or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings."

Proposition IV:    It was error for the trial court not to instruct the jury as to 21 O.S. 2001 § 13.1.  Therefore, the OCCA's decision was "contrary to" clearly established Supreme Court precedent, or was based on an "unreasonable determination of the facts in light of the evidence presented in the state court proceedings."

Proposition V:    Various instances of prosecutorial misconduct in the State's closing argument deprived the petitioner of a "fair trial," whereas, the decision by the OCCA regarding this claim was "contrary to" clearly established federal law, or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings."

Proposition VI:    Aggregate error at the petitioner's trial warrants reversal of his convictions, or modification of his sentences.  Whereas, the OCCA's decision concerning this claim is "contrary to" clearly established Supreme Court precedent, or was based on an "unreasonable determination of the facts in light of the evidence presented in the state court proceedings."

(Dkt. # 4).

On February 14, 2005, Petitioner filed an "amended and/or supplemental brief" in support of his petition (Dkt. # 8). In his "amended and/or supplemental brief," Petitioner identifies a seventh proposition of error, as follows:

> Proposition VII: The denial of the effective assistance of counsel. Whereas, the decision of the OCCA regarding this claim was "contrary to" clearly established Supreme Court precedent, and was an "unreasonable determination of federal law in light of the evidence presented in the state court proceedings."

(Dkt. # 8). Petitioner goes on to identify specific "areas of ineffectiveness." He first claims that appellate counsel was ineffective for failing to "advance all reasons as to why trial counsel was ineffective," and by failing to "advance numerous prosecutorial comments." (Id. at 4). Next, he asserts that "trial counsel failed to acquire the necessary funds from the Court to hire an 'independent investogator [sic]' to investigate the alleged 'scene of the crime' . . . ." (Id. at 6). Petitioner also complains that "trial counsel rendered deficient performance by 'stipulating' and allowing the prosecution to introduce only the top page of the 'prior convictions' and use it as evidence to establish the identity of the Petitioner as one and the same." (Id. at 8). Lastly, Petitioner asserts that "trial counsel rendered deficient performance by failing to discuss 'trial strategy' with the petitioner and by failing to present to the Court the question of the petitioner's mental competency." (Id.).

In the prior Order (Dkt. # 20), the Court determined, based on the limited record provided by Respondent,[2] that although Petitioner raised a "generic" claim of ineffective assistance of appellate counsel in his petition in error filed at the OCCA, Petitioner has never "fairly presented"

---

[2]Respondent did not provide a copy of Petitioner's application for post-conviction relief filed in the state district court as part of the record in support of the motion to dismiss for failure to exhaust state remedies. Petitioner did not file a response to the motion to dismiss.

the specific claims identified in the "amended and/or supplemental brief" to the OCCA. The Court further notes that the claim asserted by Petitioner in his petition in error filed on post-conviction appeal amounts to a challenge to post-conviction procedures. The Court also found in the prior Order that each of the claims of ineffective assistance of appellate counsel identified in the "amended and/or supplemental brief" could have been raised in Petitioner's post-conviction proceeding.  See Dkt. # 20. Because these claims would be subject to a procedural bar in the state courts, the Court determined it would be futile to require Petitioner to return to state court to exhaust these claims but that Petitioner had procedurally defaulted his specific claims of ineffective assistance of appellate counsel in state court. As a result, the Court directed that those claims of ineffective assistance of appellate counsel specifically identified by Petitioner in his "amended and/or supplemental brief" which were not raised on post-conviction appeal, will be denied as procedurally barred unless Petitioner shows "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of the claims.

Respondent filed a response (Dkt. # 24) to the exhausted claims identified by Petitioner in his original petition.  Petitioner filed a reply (Dkt. # 31) to Respondent's response and a response to the Court's Order to show cause why his seventh claim should not be denied as procedurally barred (Dkt. # 30).

*ANALYSIS*

**A.  Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). As discussed above, Petitioner's claims raised in the petition are exhausted.  However, the claims of ineffective assistance of appellate counsel raised in the amended brief, see Dkt. # 8, have not been fairly presented to the OCCA and are technically unexhausted. In light of the procedural posture of this case, however, the Court finds it would be futile to require Petitioner to return to state court because his unexhausted claims would undoubtedly be subject to a procedural bar independent and adequate to prevent habeas corpus review. Therefore, there is no available state corrective process, and the consideration of the claim is not precluded by the exhaustion requirement of § 2254(b). Nonetheless, as discussed in Part C, the ineffective assistance of appellate counsel claims are procedurally barred. Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (describing application of "anticipatory procedural bar" to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it).

The Court also finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA**

When a state court has adjudicated a constitutional claim, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the OCCA adjudicated Petitioner's claims numbered 1-6, as identified in the supporting brief, on direct appeal. Therefore, those claims shall be reviewed pursuant to § 2254(d).

### 1. Sufficiency of the evidence (ground 1)

As his first proposition of error, Petitioner challenges the sufficiency of the evidence supporting the Shooting With Intent to Kill convictions. He claims the evidence failed to establish that he shot anyone with the "intent" to kill. See Dkt. # 4. The OCCA rejected this claim on direct appeal, citing Rudd v. State, 649 P.2d 791, 794 (Okla. Crim. App. 1982), and finding that the evidence was "sufficient for a rational trier of fact to conclude that Appellant, who ran from the scene immediately after shots were fired at three police officers, was the shooter." Dkt. # 24, Ex. C.

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

9

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility.  Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996).  Instead, the Court must view the evidence in the "light most favorable to the prosecution,"  Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).   Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson.  See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

This Court looks to Oklahoma law for the substantive elements of Shooting With Intent to Kill applicable to the sufficiency of the evidence standard. See, e.g., Spears, 343 F.3d at 1238; see also Jackson, 443 U.S. at 324 n.16. At the time of Petitioner's offenses, Oklahoma law provided the elements of Shooting With Intent to Kill, as follows: First, intentional and wrongful; second, discharging a firearm; third, with the intent to kill any person.  Okla. Stat. tit. 21, § 652(A) (Supp. 1999); OUJI-CR 2d 4-4.  A jury may infer intent from a defendant's objective acts.  See Torres v. Mullin, 317 F.3d 1145, 1154 (10th Cir. 2003) (citing Wingfield, 122 F.3d at 1333). "[E]ven when a defendant, as here, denies having the requisite intent, a jury may disbelieve the defendant if his words and acts in the light of all the circumstances make his explanation seem improbable." Wingfield, 122 F.3d at 1333 (quotation omitted).

10

In this case, the jury heard Tulsa Police Officers Bella and Hart testify that they saw muzzle flashes and that a black male in a white t-shirt carrying a black handgun was running to the north through a creek.  See Dkt. # 27, Tr. Trans. at 294, 295, 328, 334, 335, 337.  Officer Bella stated that the bullets missed hitting him by inches.  Id. at 355. The jury also heard testimony that a bullet recovered from the rear of the Suburban was fired from the .38 revolver found in the creek bed near where Officers Bella and Hart saw the shooter take aim, id. at 492, and that a bullet found with fibers matching those in a sock containing Petitioner's blood was fired from Officer Hart's service weapon, id. at 490.  That evidence indicates that the police officers were the shooter's targets, and that when Officer Hart fired his weapon at the shooter, Petitioner was shot.  Based on that evidence, the Court concludes that the evidence, when viewed in a light most favorable to the State, was sufficient to allow the jury as a rational trier of fact to have found the essential elements, including the intent element, of Shooting With Intent to Kill beyond a reasonable doubt.  Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (recognizing that the Tenth Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). As a result, the Court finds habeas corpus relief should be denied on this claim.

### 2.  *Double punishment/double jeopardy (ground 2)*

As his second proposition of error, Petitioner claims that his conviction for possession of a firearm after former felony conviction violates Okla. Stat. tit. 21, § 11, and the Double Jeopardy provisions of the United States Constitution.  See Dkt. # 4 at 15.  On direct appeal, the OCCA denied

relief, citing <u>Thomas v. State</u>, 675 P.2d 1016, 1021 (Okla. Crim. App. 1984), and <u>Smith v. State</u>, 651 P.2d 1067, 1069-70 (Okla. Crim. App. 1982), and finding that Petitioner's "convictions for both Possession of a Firearm After Conviction of a Felony, and Shooting With Intent to Kill After Conviction of Two Felonies, are distinct crimes based on discrete acts." <u>See</u> Dkt. # 24, Ex. C.

First, the Court finds Petitioner's claim that he has suffered multiple punishments in violation of Oklahoma statutory law should be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. <u>Id.</u>; 28 U.S.C. §§ 2254(a). Petitioner's multiple punishment claim, insofar as it is based on an Oklahoma statute, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

Nor is Petitioner entitled to relief under § 2254(d) on his double jeopardy claim. The Double Jeopardy Clause protects against multiple punishments for the same offense. <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969), *overruled on other grounds by* <u>Alabama v. Smith</u>, 490 U.S. 794 (1989). This protection is limited to ensuring "that the sentencing discretion of courts is confined to the limits established by the legislature," for it is the legislature that is vested with "the substantive power to prescribe crimes and determine punishments." <u>Ohio v. Johnson</u>, 467 U.S. 493, 499 (1984). Thus, when a course of criminal conduct violates two statutory provisions, the test to determine whether the punishments are "multiple," in violation of the Double Jeopardy Clause, is "essentially one of legislative intent." <u>Id.</u>; <u>see also</u> <u>Missouri v. Hunter</u>, 459 U.S. 359, 365 (1983).

12

In the absence of clear legislative intent, courts must apply the <u>Blockburger</u> test, which states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932).

In this case, although each of Petitioner's convictions resulted from a series of acts committed by Petitioner, they are not violative of the Double Jeopardy Clause as events resulting from a single criminal episode, as argued by Petitioner. The crimes of Shooting With Intent to Kill, After Former Conviction of Two or More Felonies, and Possession of a Firearm After Prior Felony Convictions are separate crimes under Oklahoma law. They require proof of distinct facts and elements, even though some of the facts supporting each crime may overlap. <u>See</u> <u>Brown v. Ohio</u>, 432 U.S. 161, 166 (1977) (holding that "[i]f each requires proof of a fact that the other does not, the <u>Blockburger</u> test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes"). The OCCA's rejection of this claim was not an unreasonable application of federal law as determined by the Supreme Court. Therefore, Petitioner is not entitled to relief under 28 U.S.C. § 2254(d) on his ground two claim.

### 3.  *Evidentiary harpoon (ground 3)*

As his third proposition of error, Petitioner asserts that the testimony of Tulsa Police Officer Bella that members of the crowd of onlookers were wearing "gang colors" was an evidentiary harpoon which deprived Petitioner of a fair trial. <u>See</u> Dkt. # 4 at 21. The OCCA rejected this claim, as follows:

> we find police testimony regarding gang colors in a crowd of spectators admissible, as it was based on the personal observations and past experience of the witness.  12

> O.S.2001, § 2701.  Even assuming this evidence was inadmissible, we find no
> prejudice to Appellant, who was not wearing any discernible 'gang colors' himself,
> particularly as the trial court sustained defense counsel's objection and admonished
> the jury to disregard the comment.  *White v. State*, 1995 OK CR 15, 900 P.2d 982,
> 992.

(Dkt. # 24, Ex. C).

"[E]rrors in the admissibility of evidence are not grounds for habeas corpus relief absent

fundamental unfairness so as to constitute a denial of due process of law."  Martin v. Kaiser, 907

F.2d 931, 934 (10th Cir. 1990). Furthermore, to the extent this claim challenges the conduct of the

prosecutor, it is well established that "[p]rosecutorial misconduct does not warrant federal habeas

relief unless the conduct complained of is so egregious as to render the entire proceedings against

the defendant fundamentally unfair." Smallwood v. Gibson, 191 F.3d 1257, 1275 (10th Cir. 1999).

The Court must "consider the totality of the circumstances, evaluating the prosecutor's conduct in

the context of the whole trial.... Ultimately, we must consider the probable effect the prosecutor's

[conduct] would have on the jury's ability to judge the evidence fairly." Id. at 1276 (internal

quotations and citations omitted).  In a due process challenge to the admission of evidence,

Petitioner is not entitled to relief unless he can demonstrate that the evidence introduced is "so

unduly prejudicial that it renders the trial fundamentally unfair." Welch v. Sirmons, 451 F.3d 675,

692 (10th Cir. 2006) (quoting Payne v. Tennessee, 501 U.S. 808, 825 (1991)). Petitioner has failed

to demonstrate how the comments made by Officer Bella in response to defense counsel's questions

rendered his trial fundamentally unfair. Further, the trial court's admonishment to the jury to

disregard Officer Bella's comment was sufficient to cure any error. See Welch, 451 F.3d at 691.

Accordingly, Petitioner's request for relief on his claim of an evidentiary harpoon shall be denied.

### 4.  *Failure to instruct on Okla. Stat. tit. 21, § 13.1 (ground 4)*

As his fourth proposition of error, Petitioner asserts that the trial court erred in failing to instruct the jury that under Okla. Stat. tit. 21, § 13.1, Petitioner would have to serve 85% of his sentence in custody before becoming eligible for parole. See Dkt. # 4 at 24.  On direct appeal, the OCCA cited Miller v. State, 522 P.2d 642, 644 (Okla. Crim. App. 1974), and held that "the jury was properly instructed on all the law necessary to discharge its duty of recommending punishment." See Dkt. # 24, Ex. C.

Under the 85 percent rule, "[p]ersons convicted of: . . . [s]hooting with intent to kill . . . shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole." Okla. Stat. tit. 21, § 13.1 (2002).  In 2006, after Petitioner was convicted and sentenced, the OCCA held that trial courts should instruct jurors on the 85 percent rule prior to sentencing. Anderson v. State, 130 P.3d 273, 283 (Okla. Crim. App. 2006). The Anderson court, however, specified that its holding was prospective and did not apply to "cases before this decision." Id.

The United States Supreme Court has not held that the Constitution requires the jury to be informed of a defendant's parole eligibility in a non-capital case. Indeed, the Court has only held that the Constitution requires such information to be provided to a jury in a limited set of capital cases. See, e.g., Simmons v. South Carolina, 512 U.S. 154 (1994) (holding, in a capital case, that the jury must be informed of parole eligibility when: (1) the defendant, if sentenced to life, will never become legally eligible for parole; and (2) the prosecution argues that the defendant presents a future danger). In light of this precedent, Petitioner has failed to demonstrate constitutional error. 28 U.S.C. § 2254(a). The trial court's failure to instruct on the 85 percent rule did not render Petitioner's trial fundamentally unfair in a constitutional sense. See Taylor v. Parker, 276 Fed.Appx.

15

772, 775-76 (10th Cir. 2008) (unpublished) (in a non-capital case, rejecting petitioner's contention that he was entitled to habeas relief because the trial court failed to instruct the jury on Oklahoma's 85 percent rule).  His request for habeas corpus relief on this ground shall be denied.

### 5. *Prosecutorial misconduct (ground 5)*

As his fifth proposition of error, Petitioner claims that during closing argument, the prosecutor made several improper statements resulting in a violation of his right to a fair trial.  See Dkt. # 4 at 33.  On direct appeal, the OCCA held as follows:

> of the four comments complained of, the first (alleged mischaracterization of the evidence) was not objected to and, because we find no fundamental error, is not grounds for relief. The second (comment on a witness's veracity based on prosecutor's own discussions with witness) was met with an objection which was sustained, curing any error. The third comment (alleged indirect reference to Appellant's failure to testify) was not objected to, and in any event was not improper. The fourth comment (allegedly seeking sympathy for police victims), also unobjected to, was a fair rebuttal to defense counsel's closing argument.

(Dkt. # 24, Ex. C (citations omitted)).

Where prosecutorial misconduct does not implicate a specific constitutional right, improper remarks require reversal of a state conviction only if the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). To determine whether a trial is rendered fundamentally unfair, the Court examines the entire proceeding, "including the strength of the evidence against the petitioner, both as to guilt at that stage of the trial and as to moral culpability at the sentencing phase" as well as "[a]ny cautionary steps-such as instructions to the jury-offered by the court to counteract improper remarks." Le v. Mullin, 311 F.3d 1002, 1013 (10th Cir. 2002). "[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). The ultimate question is whether the jury

16

was able to fairly judge the evidence in light of the prosecutors' conduct. Bland v. Sirmons, 459 F.3d 999, 1024 (10th Cir. 2006). "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999). Where an objection is sustained and the jury is admonished to disregard the objectionable comment, the trial court's admonition usually cures any error. See Patton v. Mullin, 425 F.3d 788, 800 (10th Cir. 2005). Furthermore, there is a general presumption that a jury follows a trial court's instructions.  See Battenfield v. Gibson, 236 F.3d 1215, 1225 (10th Cir. 2001) (citing Weeks v. Angelone, 528 U.S. 225 (2000)).  If prosecutorial misconduct sufficiently impacts a specific constitutional right, the Court applies the constitutional standard applicable to that right. Mahorney v. Wallman, 917 F.2d 469 (10th Cir. 1990) (finding that when the impropriety complained of effectively deprived the defendant of a specific constitutional right, such as the presumption of innocence, a habeas claim may be established without requiring proof that the entire trial was thereby rendered fundamentally unfair).

With the applicable law in mind, the Court will review each of Petitioner's alleged instances of prosecutorial misconduct during closing argument to determine whether the OCCA's adjudication of this claim was contrary to clearly established federal law.  First, the prosecutor stated that a witness, when reviewing Petitioner's comments as he approached her house after being shot, "recognized [Petitioner's statements] as a lie." See Dkt. # 27, Tr. Trans. at 578.  Defense counsel did not object to the comment.  After reviewing the entire trial transcript, the Court finds that this

comment, in light of the evidence presented against Petitioner, did not impact the jury's ability to fairly judge the evidence. Bland, 459 F.3d at 1024.

Next, Petitioner complains that the prosecutor's remarks concerning discrepancies in the testimony of witness Norvella Car, Petitioner's aunt, see Dkt. # 27, Tr. Trans. at 586, constituted impermissible comments on the witness's veracity. The trial court sustained defense counsel's objection to the remark and admonished the jury to disregard the statement. Id. As a result, the trial court's admonition cured any error. Patton, 425 F.3d at 800.

In discussing the possibility that there was another shooter firing on the police officers from the creek bed, the prosecutor asked "do we have any evidence here about that?" See Dkt. # 27, Tr. Trans. at 586-87. Defense counsel did not object. Petitioner now argues that the comment was an impermissible remark on his failure to testify. The test to determine whether a prosecutor's remarks constitute an impermissible comment on the accused's failure to testify is "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." United States v. Hooks, 780 F.2d 1526, 1533 (10th Cir.1986) (internal quotation marks omitted). The reviewing court "must examine the prosecutor's remarks in the context of the entire record" to determine if they constitute prejudicial error. Id. The comment challenged by Petitioner would not lead the jury to "naturally and necessarily" conclude that the prosecutor was commenting on Petitioner's failure to testify. Evidence of the presence of another shooter in the creek bed could have come from many other sources and did not require testimony from Petitioner himself. The comment was not impermissible.

Lastly, Petitioner complains that during the rebuttal portion of his closing argument, the prosecutor made comments designed to elicit sympathy for the police victims. Specifically, he

18

stated that "[w]e don't pay these folks to be human targets. We don't pay them to die. Yeah, it's a rough neighborhood." See Dkt. # 27, Tr. Trans. at 607. Defense counsel lodged no objection to the comment. The Court finds that the comment was made to rebut defense counsel's description of the neighborhood where the shooting incident took place. Furthermore, after reviewing the entire trial transcript, the Court finds that this comment, in light of the evidence presented against Petitioner, did not impact the jury's ability to fairly judge the evidence. Bland, 459 F.3d at 1024.

In summary, after reviewing the entire trial transcript, this Court finds that the OCCA's rejection of this claim was not an unreasonable application of constitutional law. The alleged misconduct by the prosecutor did not plausibly tip the scales in favor of the prosecution. In light of the strength of the evidence presented in this case, the Court finds no reasonable probability that the verdict would have been different without the incidents of alleged misconduct by the prosecutor and concludes that the proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct. Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

### 6. Cumulative error (ground 6)

As his sixth proposition of error, Petitioner asserts that aggregate error at his trial warrants reversal or modification of his sentence. See Dkt. # 4 at 40. The OCCA rejected this claim, citing Sanders v. State, 60 P.3d 1048, 1051 (Okla. Crim. App. 2002), and finding that "aside from those already specified, we find no errors which cumulatively warrant any additional relief." See Dkt. # 24, Ex. C.

The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d

19

1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having rejected each of Petitioner's habeas claims, the Court finds no basis for a cumulative error analysis. The OCCA's resolution of Petitioner's cumulative error claim was not an unreasonable application of federal law.  Petitioner is not entitled to relief on this ground.

**C.  Procedural Bar**

In his amended and/or supplemented brief (Dkt. # 8), Petitioner claims that appellate counsel provided ineffective assistance in failing to raise numerous grounds of prosecutorial misconduct and ineffective assistance of trial counsel. See Dkt. # 8 at 4-10. As the Court previously determined, these specific claims have never been presented to the OCCA and, in light of the procedural posture of this case, would now be subject to a procedural bar.  See Dkt. # 10 at 14.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's ineffective assistance of appellate counsel claims are procedurally barred.[3] The procedural bar would be an "independent" state ground because state law would provide "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. In addition, the procedural bar would be based on "adequate" state grounds sufficient to bar the claim on federal habeas corpus review. The OCCA routinely applies Okla. Stat. tit. 22, § 1086, to bar claims that could have been but were not raised in a first application for post-conviction relief.

Because of Petitioner's procedural default, this Court may not consider the defaulted claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental

---

[3]To the extent the OCCA's post-conviction order could be read as an adjudication of the specific claims of ineffective assistance of appellate counsel identified by Petitioner in his "amended and/or supplemental brief" (Dkt. # 8) filed in this matter, the Court finds Petitioner has failed to establish that the adjudication was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Appellate counsel did not perform deficiently because none of the claims omitted on direct appeal is meritorious. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999); Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998). First, none of the prosecutor's comments identified by Petitioner, see Dkt. # 8, including those prompting no objection from defense counsel, rendered Petitioner's trial fundamentally unfair. As a result, appellate counsel did not perform deficiently in omitting a claim of ineffective assistance of trial counsel for failing to object to the identified comments by the prosecutor. Petitioner's remaining claims of ineffective assistance of trial counsel omitted by appellate counsel also lack merit. Petitioner fails to explain what evidence an investigator may have discovered at the scene that would have, in light of the evidence offered at trial, changed the outcome of the trial. Similarly, he has failed to demonstrate that the outcome of the sentencing portion of his trial would have been different had his trial counsel not stipulated to his identity on the prior convictions. Nor has he identified the "trial strategy" his trial counsel should have followed, nor pointed to any evidence suggesting his competency was an issue at the time of the shootings. Lastly, Petitioner has failed to explain how the testimony of Vagus Penny and Dada Lawson could have been used as impeachment evidence to prove his innocence. In sum, Petitioner's allegations of ineffective assistance of trial counsel are conclusory and, for that reason, lack merit. As a result, appellate counsel did not perform deficiently in failing to raise the omitted claims. Therefore, to the extent the OCCA's post-conviction opinion includes an adjudication of the merits of Petitioner's ineffective assistance of appellate counsel claims as raised in the instant habeas corpus action, Petitioner has failed to demonstrated that the adjudication was an unreasonable application of Strickland.

miscarriage of justice would result if his claim is not considered.  See Coleman, 501 U.S. at 750;

Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997).  The cause standard requires a petitioner

to "show that some objective factor external to the defense impeded . . . efforts to comply with the

state procedural rules."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external

factors include the discovery of new evidence, a change in the law, and interference by state

officials.  Id.  As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors

of which he complains."  United States v. Frady, 456 U.S. 152, 168 (1982).  A "fundamental

miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of

the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

   In his show cause response (Dkt. # 30), Petitioner asserts that he was unable to fairly present

his post-conviction claims of ineffective assistance of appellate counsel to the OCCA because of

inadequacies in legal materials available at the facility where he is incarcerated.  However, Petitioner

fails to explain how restrictions on his access to legal materials impacted his ability to raise specific

claims of ineffective assistance of appellate counsel on post-conviction appeal, especially since he

had identified specific claims in his application for post conviction relief filed at the district court.

The Court finds that Petitioner has failed to demonstrate "cause" sufficient to overcome the

procedural bar.

   Petitioner's only other means of gaining federal habeas review of his defaulted claims of

ineffective assistance of appellate counsel is a claim of actual innocence under the fundamental

miscarriage of justice exception.  Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v.

Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995).  To meet this

test, a criminal defendant must make a colorable showing of factual innocence.  Beavers v. Saffle,

22

216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Petitioner claims to be innocent of the crimes of which he was convicted. He asserts that the state's evidence demonstrated only that he was shot by the police officers and failed to prove that he is the person who fired shots at the police officers. See Dkt. # 30 at 6-12. Petitioner's argument mirrors his challenge to the sufficiency of the evidence discussed and rejected in Part B(1) above. Petitioner has failed to present new evidence to persuade the Court that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Therefore, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his defaulted claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims of ineffective assistance of appellate counsel. Coleman, 501 U.S. at 724. Habeas corpus relief on those grounds shall be denied.

## CONCLUSION

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

23

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.     The Clerk of Court is directed to substitute Justin Jones, Director, as party Respondent in

place of Ron Ward.

2.     The petition for a writ of habeas corpus (Dkt. # 1), as amended and supplemented (Dkt. #

8), is **denied**.

3.     A separate Judgment shall be entered in this case.


DATED THIS 16th day of March, 2009.


_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE